# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| WARREN CHASE | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv901 |
| J. WILLIAMS, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Warren Chase, an inmate formerly confined in the Federal Correctional Complex at Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, brought this lawsuit against J. Williams, S. Janson, Lieutenant Jackson, E. Garcia, Lieutenant Hayse, Mrs. Hogen-Satcher, C. Matt, Officer Odum, Officer Overton, S. Battle, the Federal Bureau of Prisons, and UTMB.

## Discussion

Plaintiff alleges the defendants exposed him to cruel and unusual punishment concerning his conditions of confinement and acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. On June 15, 2007, while confined in an isolation cell, plaintiff claims he was ordered to submit to hand restraints so another inmate, inmate Parson, could be placed in the cell with him. Plaintiff alleges that after the inmate was placed in his cell, his hand restraints were not removed because inmate Parson refused to let the officers remove his hand restraints. Plaintiff contends he was told that his hand restraints would be removed only after inmate Parson allowed prison officials to remove Parson's handcuffs. Plaintiff claims Parson was on the floor unconscious, but prison officials claimed he was faking. As a result of inmate Parson's inability or refusal to relinquish his hand restraints, plaintiff claims he remained in hand restraints for three days.

Plaintiff alleges the hand restraints were awkward and painful, making it difficult to sleep or sit properly. Plaintiff admits that he was given a shot of pain medication in his shoulder for pain relief. On the night of June 15, 2007, when plaintiff complained that the hand restraints were causing him pain, the restraints were removed. Plaintiff complains, however, that other restraints were then applied. Plaintiff claims he was informed that the restraints had nothing to do with his behavior. Instead, plaintiff states he was told that as long as inmate Parson remained on the floor in restraints, plaintiff must remain in restraints.

Plaintiff alleges that he complained to defendant Hogen-Satcher and requested that the restraints be removed. Plaintiff claims Hogen-Satcher told him that he must remain in the restraints because, although Parson remained motionless, they thought he was faking.

On June 17, 2007, plaintiff states that he complained once again that the hand-restraints were uncomfortable. Plaintiff alleges the restraints were removed; however, he was then placed in a third set of handcuffs. Plaintiff states the third set of hand restraints were removed after he complained that his wrists were hurting; however, yet another set was placed on him. Plaintiff claims that medical staff, at the suggestion of prison guards, provided him with only minimal medical attention.

## Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061

(5th Cir.1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*, 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id.*

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

<u>Analysis</u>

*Exhaustion of Administrative Remedies*

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison condition case brought under 42 U.S.C. § 1983. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative

remedies must be exhausted regardless of the type of relief which is sought in the lawsuit. *Booth v. Churner*, 532 U.S. 731 (2001).

The Federal Bureau of Prisons, which administers the prison in which plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 5423.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), the Supreme Court recognized that the failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.*, 127 S.Ct. at 921. However, under *Jones*, if the complaint itself makes clear that the prisoner failed to exhaust administrative remedies, a district court *sua sponte* can dismiss the case prior to service on the defendants for failure to state a claim. *Carbe v. Lappin*, 492 F.3d 325, 327-328 (5th Cir. 2007).

Here, plaintiff makes clear in the complaint that he did not exhaust all available administrative remedies prior to filing this action. Plaintiff contends defendant Battle, his Unit Team Counselor, refused to give him the proper forms so he could exhaust his administrative remedies. However, plaintiff attached copies of the claims submitted. A review of the grievances submitted reveals plaintiff did not pursue his remedies through each step of the grievance procedure by filing a grievance with the Central Office. While plaintiff claims unit officials interfered with his

grievances, plaintiff has failed to allege or demonstrate he either submitted or attempted to submit an appeal to the Central Office.

Further, plaintiff failed to exhaust the administrative remedies available under the Tort Claims Act. Plaintiff has sued the defendants in both their individual and official capacities. Actions brought against federal employees in their official capacities are actions against the United States. 28 U.S.C. § 2679; *Hawaii v. Gordon*, 373 U.S. 57 (1963). The Federal Tort Claims Act ("FTCA") constitutes a limited waiver of the sovereign immunity the United States enjoys from lawsuits based upon a violation of tort law. *See* 28 U.S.C. § 1346(b); *United States v. Orleans*, 425 U.S. 807, 813 (1976).

Plaintiff, however, did not exhaust his administrative tort claims under the Federal Tort Claims Act. The Tort Claims Procedure pursuant to 28 C.F.R. §§ 2675, et seq., is a procedure separate and distinct from the prison remedies provided pursuant to 28 C.F.R. §§ 542.10, et seq. The Supreme Court has made clear that administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth*, 532 U.S. at 740-41. Accordingly, plaintiff's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

*Sovereign Immunity*

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993). As previously stated, the Federal Tort Claims Act constitutes a

limited waiver of the sovereign immunity the United States enjoys from lawsuits based upon a violation of tort law. *See* 28 U.S.C. § 1346(b); *United States v. Orleans*, 425 U.S. 807, 813 (1976). However, the United States is amenable to suit only insofar as it has consented to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). In construing waivers of sovereign immunity, courts are not free to extend or narrow the waiver beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). The FTCA provides for a waiver of the United States' immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising or resulting form the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ...." 28 U.S.C. § 2679(b)(1).

    a.    <u>United States as Sole Defendant</u>

Plaintiff has not named the United States as the sole defendant in this action. Instead, plaintiff named multiple individual officers at the Federal Correctional Complex in Beaumont, Texas, the Federal Bureau of Prisons, and the University of Texas Medical Branch. The FTCA constitutes a waiver of the sovereign immunity the United States enjoys from lawsuits based upon a violation of tort law. However, to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant. *Atorie Air, Inc. v. Federal Aviation Administration,* 942 F.2d 954 (5th Cir. 1991). Accordingly, the court lacks jurisdiction over his claims and the lawsuit should be dismissed.

    b.    <u>Constitutional Claims</u>

Under 28 U.S.C. § 2679(b)(2)(A), the remedy against the United States under 28 U.S.C. § 1346(b) and 28 U.S.C. § 2672 (i.e., the remedy against the United States under the Federal Tort

Claims Act) does not apply to actions alleging constitutional violations by government employees. "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Andrus v. Glover Construction Co.*, 446 U.S. 608, 616-617 (1980). Constitutional claims are outside the purview of the Federal Tort Claim Act. *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995).

A suit for damages against the United States or against a federal agent in his official capacity is barred by sovereign immunity unless the government has waived its immunity. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir.), *cert. denied*, 395 U.S. 968 (1968). The United States has not waived sovereign immunity for alleged constitutional violations. *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971). A constitutional claim does not arise under the FTCA and is barred by sovereign immunity. *McAffee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083 (1990) (citing *Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983). Thus, the United States has not waived sovereign immunity with regard to plaintiff's constitutional claims. Accordingly, the claims should be dismissed.

*UTMB*

Plaintiff has named the University of Texas Medical Branch ("UTMB") as a defendant in this action. The state and state agencies, however, are not "persons" for purposes of liability under 42 U.S.C. § 1983. *Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Thus, plaintiff's claim against UTMB fails to state a claim upon which relief can be granted.

*Supervisory Liability*

Plaintiff has named as defendants five individuals in supervisory positions at the prison facility. In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1990). Plaintiff has failed to allege or demonstrate that such defendants participated in the alleged acts of misconduct. The only way they could possibly be implicated in these claims is through their supervisory capacity. Under 42 U.S.C. 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* 828 F.2d at 304. Neither condition is satisfied in the present action. Accordingly, plaintiff's claims against defendants Lieutenant J. Williams, Lieutenant S. Janson, Lieutenant Jackson, Lieutenant E. Garcia, and Lieutenant Hayse are frivolous and fail to state a claim upon which relief may be granted.

*Eighth Amendment*

a. <u>Conditions of Confinement</u>

Plaintiff complains of the conditions of his confinement at the United States Penitentiary in Beaumont, Texas. Plaintiff states the defendants violated the Eighth Amendment's proscription against cruel and unusual punishment.

The Constitution does not mandate comfortable prisons but neither does it permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). "The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). The Supreme Court noted in *Farmer* that: In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Id*.

A constitutional violation, however, occurs only when two requirements are met. First, there is an objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991)). Second, under a subjective standard, the court must determine whether the prison official responsible acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; see e.g., *Harris*, 31 F.3d at 334-36. The deliberate indifference standard can be appropriately applied to allegations regarding the conditions of confinement. *Woods*, 51 F.3d at 580.

In *Farmer*, the Supreme Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer*, 511 U.S. at 839-40. Under this definition, a prison official cannot be found liable under the Eighth

Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Here, while the conditions to which plaintiff was exposed may appear harsh, plaintiff has failed to allege or demonstrate he was denied some basic human need such as to deprive him of the minimal civilized measure of life's necessities. Plaintiff was only restrained in his hand movement. Plaintiff does not assert that he was not provided adequate food, clothing, shelter, or medical care. While plaintiff complains of the medical care received, he admits he received some care. Further, plaintiff has failed to show that the defendants acted with subjective deliberate indifference to his health or safety. Plaintiff has failed to demonstrate that the defendants were aware of an excessive risk to inmate health or safety and failed to take reasonable measures to abate it. Accordingly, plaintiff's complaint fails to establish a constitutional violation.

    b.    Medical Care

Plaintiff complains that he was not provided adequate medical care for the injuries to his wrists and shoulder he allegedly sustained as a result of being placed in hand restraints. Plaintiff, however, admitted he received minimal care, including a shot in his shoulder for pain relief.

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159

(5th Cir. 1999). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer*, 511 U.S. at 839-40. Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Medical records of sick calls, examination, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff has failed to show that the defendants acted with deliberate indifference to a serious medical need. While plaintiff does not detail the amount of care received, he does admit he received minimal care. Additionally, plaintiff has failed to show the defendants were aware of a substantial risk of serious harm. At most, plaintiff's claim is a disagreement with the proper course of treatment. Accordingly, his claims are frivolous and fail to state a claim upon which relief may be granted.

*Prison Policy*

To the extent plaintiff's claims may be construed as asserting that the defendants did not follow prison policy and procedure, he has failed to state a claim upon which relief may be granted. A violation of prison regulations, without more, does not give rise to a federal constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Thus, plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

## Conclusion

For the reasons set forth above, plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted. Accordingly, this action should be dismissed. A final judgment will be entered in accordance with this memorandum.

**SIGNED** this the 27 day of **April, 2011.**

_____
Thad Heartfield
United States District Judge